UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81163-CIV-MARRA

HOWARD COHAN,

    Plaintiff,

vs.

OCEAN PROPERTIES, LTD.,
d/b/a DELRAY BEACH MARRIOTT,

    Defendant.
_____/

## ORDER AND OPINION

This cause is before the Court upon Defendant's Motion to Dismiss Plaintiff's Case as Moot (DE 7). The Court has carefully considered the motion, response, reply and is otherwise fully advised in the premises.

Defendant moves the Court for an order dismissing Plaintiff's Complaint as Moot. Plaintiff has filed suit against Defendant asserting violations under the American with Disabilities Act, 42 U.S.C. § 12182 *et seq*. ("ADA") due to the absence of a pool lift chair on Defendant's premises. (DE 1.) Defendant states it has provided Plaintiff with documentation that a pool lift chair has been installed. In its moving papers, Defendant does not state under which provision of Rule 12 of the Federal Rules of Civil Procedure it is proceeding. In its response memorandum, Plaintiff argues that whether the barrier has been removed is a question of fact that cannot be resolved at this stage. In reply, Defendant states that it is making a factual attack on subject matter jurisdiction pursuant to Rule 12(b)(1) and states that it will be filing affidavits and photographs establishing its compliance with ADA 1009.2 (availability of pool lift chairs)

shortly.  Defendant's reply was filed on December 30, 2013, and to date the Court's docket does not reflect that these documents have been filed.

Attacks on subject matter jurisdiction based on Rule 12(b)(1) of the Federal Rules of Civil Procedure come in two forms-facial attacks and factual attacks. In a facial attack, the Court looks only at the complaint. See Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir.1990). A factual attack, on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.1980).[1]  The party asserting jurisdiction has the burden of establishing jurisdiction. Kokkonen v. Guardian Life, Ins. Co. of Am., 511 U.S. 375, 377 (1994); Menchaca, 613 F.2d at 511.

Based on Defendant's moving papers, it is making a factual attack on this Court's jurisdiction.  However, it has not submitted any evidence to support its jurisdictional challenge. Although Plaintiff does have the burden to establish jurisdiction, in view of Defendant's failure to present evidence to support its motion, Plaintiff was not afforded an adequate opportunity to do so.  Therefore, the best course of action is to allow Defendant to re-file the motion with supporting evidence.  Since mootness addresses the Court's subject matter jurisdiction, it can be raised at any time.  If and when Defendant refiles its motion to dismiss, Plaintiff can then submit evidence that challenges Defendant's assertions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Dismiss Plaintiff's Case as Moot (DE 7) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of January, 2014.

_____
KENNETH A. MARRA
United States District Judge